■ In the Matter of the TOWN OF AMHERST et al., Petitioners, against FRANK C. MOORE et al., Constituting the State Board of Equalization and Assessment, et al., Respondents.— This is an article 78 proceeding — transferred to this court — for review of a determination of the State Board of Equalization

and Assessment, made pursuant to section 176-a of the Tax Law. Three separate proceedings for the years 1955-1956-1957 were instituted by the City of Buffalo to review the equalization rates established by the Erie County Board of Equalization. They were consolidated and tried together before a hearing officer, designated by the State Board. The decision established rates different from those found by the County Board and this proceeding was instituted by the petitioners, various towns in Erie County, whose equalization rates were more favorable as determined by the County Commissioners. The County Board of Equalization was established by special statute in 1919 and provided for the appointment of two commissioners whose duty was to visit annually each town and each ward of each city in the county, inspect the real property and examine the assessment rolls in the tax districts for the purpose of ascertaining whether the valuations in one tax district bear a just relation to the valuations in all the tax districts in the county and after proper inquiry and investigation, to increase or decrease the aggregate valuations of real estate in any tax district in accordance with ratios determined as provided by the statute. The board was further authorized to hold hearings in each town and city upon due notice and was required to preserve any written or documentary evidence upon which the percentages for the several tax districts were determined and to make an annual report to the Board of Supervisors. The City of Buffalo alleged in its complaints that it had been penalized by reason of inequitable apportionments of the equalization rates fixed by the County Board as among the various cities and towns within the county and had been further unfairly assessed by the use of an unauthorized system of adding or subtracting "special adjustment factors" to the equalization rates. The methods used by the State Board consisted of classification of types of property — farm, residential, commercial, industrial, utility and special kinds. Thereafter a percentage of each classification was used for appraisal purposes following an inspection and the value was determined either from sales information, if available, or by appraisal, or both. The value of special property, particularly industrial and utility, was determined after appraisal by competent engineers using standard formulas. Other properties were considered on the "income produced" theory. After all the information had been correlated, the results were used for formulating an equalization rate for each municipality in fair ratio one to the other on a county-wide basis. The testimony of the County Commissioners established that the method employed by them was the sampling of "sales data" and that no consideration was given to classifications of types of property except in the City of Buffalo. In reality the only properties considered were those which had been sold during the year and the sales price was not considered "too material". Industrial and utility properties were not appraised or considered although there was a heavy concentration of such properties. Evidence was offered by the City of Buffalo to show that such a system resulted in numerous disparities in arriving at determinations of full value, the ratio of assessed value to full value and in the establishment of equalization rates. The most salient distinction between the methods used by the different agencies was a formula known as "special adjustment factors" and employed by the County Commissioners for the purpose of "softening the blow" where drastic changes in equalization rates were indicated by its own figures. It was further used as a reward or penalty medium as best described in the Commissioners' 1954 report to the Board of Supervisors: "To those who continue to assume practically a do-nothing attitude, we shall continue to penalize. On the other hand, those who get busy and obtain results, we shall credit. All of which, of course will be reflected in the amount of money paid by the particular city or town as their share of the county tax." While improving assessment methods and procedures

in the various towns and cities was an important and necessary factor, we know of no rule or sanction which allows a plus in contrast to a minus system of credits depending upon the accomplishments of the various assessing authorities. This resulted in an inequitable distribution of assessments. We recognize that there is no perfect system of assessing real property and accordingly here the test is not whether the method and procedure employed by the State was better but was the county system legal and equitable? An examination of the reports convinces us that while the resultant figures of tax apportionment as to the City of Buffalo — eliminating the special factor equation — are approximately the same as determined by each agency, it is quite impossible to equate the figures on a county-wide basis even after eliminating the "special adjustment factors". Thus we must conclude that the only practical solution to the present problem is the adoption of the equalization rates as found by the State Board and submitted on behalf of the City of Buffalo. Determination of the State Board of Equalization and Assessment unanimously confirmed, with $50 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.